## N. Y. COMMON PLEAS.

### MURPHY agt. BALDWIN.

The defendant is a manufacturer and dealer in carriages. His store is on the corner of 10th street and Broadway in the city of New York; over his store is a furnished apartment in which he has his meals cooked and sleeps. This appartment he has occupied for years. About a year ago he hired a house in Litchfield, Connecticut, and moved his family into it, from this city. This place defendant calls his home, and goes to it every week:

*Held,* on motion to vacate an *attachment* against defendant, that he is a *non-resident,* and that the motion should be denied.

*Special Term, May,* 1871.

MOTION to discharge attachment issued against defendant under section 227, as a non-resident.

EUGENE SMITH, *for plaintiff.*
GEORGE V. N. BALDWIN, *for defendant.*

JOSEPH F. DALY, J.—In the case of *Chaine* agt. *Wilson,* (1 *Bosw.,* 673,) the general term of the superior court of this city, decided (1858,) that a defendant whose family occupy, and for several years have occupied a dwelling house in another state, hired by him and who habitually passes the night of each day and the sabbath with his family, is a non-resident; also that whether a man's absence from his family be for eight hours in each day or six days in each week, if he has a family living in a neighboring state to whom he resorts for comfort, relaxation and repose, and with whom he abides whenever the immediate demands of his business upon his attention will permit, whenever sickness detains him from conducting that business, and when those days successively return on which business ceases and

man rests from his labor, he resides in such neighboring state where (in every proper sense as understood no less by those who are learned in the law than by the common intelligence of every day life) is his home.

Also that where one has a home, as that term is ordinarily used and understood among men, and he habitually resorts to that place for comfort and rest, relaxation from the cares of business and restoration to health, and there abides in the intervals when business does not call, that is his residence both in the common and legal meaning of the term. That case was argued by James T. Brady, J. W. Edmonds and D. D. Field.

The opinion was written by WOODRUFF, J. and concurred in by SLOSSON and HOFFMAN, JJ.

The decision seems to be correct and has not been dissented from by a higher court.

In *Lee* agt. *Stanley*, (9 *How.*, 272,) the special term of the supreme court (first district), decided that the defendant, who kept a house in Bradford, New Hampshire, in which his wife and children lived and in which he entertained his friends, and which was frequently called by him his " home," resided there, and not in this state, although for two years, he had a store of goods in this state, and did business here, and actually resided in this state with the intention of making it his permanent residence.

Under the authority of these cases, it would seem that admitted facts on this motion would show the defendant to be a non-resident. He is a manufacturer and dealer in carriages. His store is on the corner of 10th street and Broadway; in this, over his store, is a furnished apartment, in which he has his meals cooked, and sleeps. This apartment he has occupied for years, except during the winter of 1869, when he resided with his family in 60th street in this city.

Where his family lived before that winter, is not stated. About a year ago, he moved his family to Litchfield, Con-

necticut. He took a place there for them, but owns no real estate there, he has been heard to speak of it as his "home," his family there consists of his wife and children, he has no intention of changing his residence to Litchfield, he has and uses direction tags or labels printed with the address, " Theodore E. Baldwin, Licthfield, Conn." has spoken of not being in town on Saturday, saying "I am going home," that he has referred to his visits to Litchfield as "going home," that a man does his marketing here for his apartments in 10th street and Broadway, that he makes visits out of the city, not more than weekly and not longer than a day and a half, and this chiefly in the summer and fall months, he has never spent ten consecutive days in Litchfield; during the summer, his practice is to go out of town on Friday or Saturday, and return on Sunday evenings, but not in the winter, and during the last few months he has been in town almost uninterruptedly.

When his family come to the city they stop with him in his apartment; for two or three years he has shipped goods to his own address at Litchfield, addressed with small tags, and shipped furniture there from 10th street, he has shipped groceries, provisions, &c., to his own address at Litchfield from the city, for two years past.

If some light were thrown on the place of residence of defendant's family prior to the winter of '69, which they spent in 60th street, it might relieve this question of residence of some doubt, but my impressions from the testimony are, that the winter of '69 was an exceptional visit to this city from Litchfield.

It is quite likely that as the defendant has to remain at least six days of the week in New York to attend to his business, he finds a furnished room over his store more convenient and economical than boarding at a hotel, but the evidence shows this furnished apartment to be a resting place of convenience merely, and not the home of defendant.

Either his family is paying a temporary visit of several

years duration at Litchfield, and the true residence of his wife and children is in the furnished apartment over his store, corner 10th street and Broadway, or they reside at Litchfield, and his home is with them, no matter how few the opportunities may be for him to visit them.

I think the defendant a non-resident, and that the motion should be denied.